**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4105**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CLARENCE SHAMBRY,

Defendant - Appellant.

**No. 09-4111**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MAURICE L. TYLER,

Defendant - Appellant.

Appeals from the United States District Court for the Western District of Virginia, at Big Stone Gap.  James P. Jones, Chief District Judge.  (2:08-cr-00018-jpj-pms-1; 2:08-cr-00019-jpj-pms-1)

Submitted:  August 20, 2009          Decided:  September 11, 2009

Before KING, GREGORY, and AGEE, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

———————————

Larry W. Shelton, Federal Public Defender, Brian J. Beck, Assistant Federal Public Defender, Abingdon, Virginia, for Appellants. Julia C. Dudley, United States Attorney, Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Clarence Shambry and Maurice L. Tyler ("Appellants") each pled guilty to one count of possession of contraband in a federal prison, in violation of 18 U.S.C. § 1791(a)(2) (2006). The Appellants each received a sentence of thirty months' imprisonment. On appeal, the Appellants argue that their respective sentences are procedurally unreasonable, as the district court did not adequately explain the basis for either sentence.

We review a sentence for reasonableness under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, ___, 128 S. Ct. 586, 597 (2007). This review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. Id.

In determining whether a sentence is procedurally reasonable, we first assess whether the district court properly calculated the defendant's advisory guideline range. Id. at 596-97. We then determine whether the district court failed to consider the 18 U.S.C. § 3553(a) (2006) factors and any arguments presented by the parties, selected a sentence based on "clearly erroneous facts," or failed to sufficiently explain the selected sentence. Gall, 128 S. Ct. at 597. Critically,

> the district court "must make an individualized assessment based on the facts presented." That is, the sentencing court must apply the relevant § 3553(a)

3

> factors to the specific circumstances of the case before it. Such individualized treatment is necessary "to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue."

United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (quoting Gall, 128 S. Ct. at 598) (internal citations omitted). Under Carter, the sentencing judge is required to "'state in open court' the particular reasons supporting its chosen sentence." Id. (quoting § 3553(c)). In so doing, the district court must "'set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority.'" Id. (quoting Rita v. United States, 551 U.S. 338, 356 (2007)).

Finally, assuming no procedural infirmity, we review the substantive reasonableness of the sentence, "taking into account the 'totality of the circumstances, including the extent of any variance from the [g]uidelines range.'" United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007) (quoting Gall, 128 S. Ct. at 597). When reviewing the district court's application of the sentencing guidelines, this court reviews findings of fact for clear error and questions of law de novo. United States v. Osborne, 514 F.3d 377, 387 (4th Cir.), cert. denied, 128 S. Ct. 2525 (2008).

4

It is clear from the record that the district court correctly calculated the Appellants' respective advisory guidelines ranges, and the Appellants do not argue otherwise. However, despite the presumption of reasonableness that we afford a within-guidelines sentence, Pauley, 511 F.3d at 473, we conclude that the Appellants' sentences are procedurally unreasonable. The district court failed to state the reasons supporting the Appellants' sentences, or otherwise indicate that it "considered the parties' arguments and ha[d] a reasoned basis for exercising [its] own legal decisionmaking authority." Rita, 551 U.S. at 356; see also Carter, 564 F.3d at 328.

At sentencing, the Appellants' counsel sought sentences below the guidelines range based on the punishment that the Appellants received from prison officials while incarcerated. The sentencing judge gave one-sentence explanations of the selected sentences, stating generally with respect to each Appellant that he had consulted the § 3553(a) factors and the advisory sentencing guidelines. Thus, the court failed to indicate what factors in particular supported the sentences, or the manner in which they did so. In neglecting this step, the court did not give the Appellants the individualized assessment required by Carter. Similarly, the judge made no reference to the arguments made by the Appellants' counsel during sentencing, and gave no indication that such

arguments were considered.  Thus, because "the record here does not demonstrate that the district court conducted . . . an [individualized] assessment and so does not reveal why the district court deemed the sentence it imposed appropriate, we cannot hold the sentence procedurally reasonable."  Carter, 564 F.3d at 330 (footnote omitted).

Accordingly, while we affirm the Appellants' convictions, we vacate the sentences imposed by the district court and remand for resentencing.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and further argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED